UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICKY WAYNE JESTER,

　　　　Petitioner,

　　　　　v.　　　　　　　　　　　　　　　CAUSE NO. 3:24-CV-964-CCB-SJF

WARDEN,

　　　　Respondent.

OPINION AND ORDER

Ricky Wayne Jester, a prisoner without a lawyer, filed a habeas corpus petition to challenge his conviction for murder and conspiracy to commit murder under Case No. 82C01-9704-CF-360.[1] Following a jury trial, on March 5, 1998, the Vanderburgh Circuit Court sentenced him to one hundred ten years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the petition, Jester argues that he is entitled to habeas relief due to sentencing errors and ineffective assistance of counsel at trial and on direct appeal. The statute of limitations for habeas petitions states as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Based on review of the petition, the date on which the judgment became final is the applicable starting point for calculating timeliness. Jester was sentenced on March 5, 1998, and his direct appeal culminated in the Indiana Supreme Court's affirmance on February 18, 2000. Therefore, his conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for petitioning the Supreme Court of the United States for a writ of certiorari expired on May 18, 2000. *See* U.S. Sup. Ct. R. 13(1) (petition for writs of certiorari must filed within 90 days after entry of judgment); *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (when a State prisoner does not petition the Supreme Court of the United States on direct appeal, his conviction becomes final when the time for filing a

2

petition expires). 250 days later, on January 23, 2001, Jester initiated post-conviction proceedings that culminated in the Vanderburgh Circuit Court's denial of transfer on October 13, 2009. The federal limitations period expired 115 days later on February 5, 2010. Roberts did not file the petition in this habeas case until December 3, 2024. ECF 1 at 18. Because Jester filed the petition fourteen years too late, the court finds that the petition is untimely.

In the petition, Jester explains that he did not file a habeas petition sooner because counsel did not make him aware of "recent federal decisions" indicating that he was "entitled to relief." He represents that he sought authorization to file a successive petition in State court after the Seventh Circuit established precedent in opinions in 2023 and 2024. To start, the court observes that this explanation does not satisfy the requirements for a later-starting limitations period under 28 U.S.C. § 2244(d)(1)(B), (C), or (D). More specifically, Jester identifies no State-created impediment that prevented him from filing a habeas petition, no Supreme Court decision involving a newly recognized constitutional right, and no factual predicate he could not have discovered by the conclusion of his direct appeal. Further, Jester's unsuccessful efforts to pursue successive petitions in State court did not restart the federal limitations period, nor did they "open a new window for federal collateral review." *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009).

The court also considers whether Jester is entitled to equitable tolling. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and

3

prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). Significantly, Jester identifies no extraordinary circumstance that prevented him filing a timely habeas petition. As detailed above, the federal limitations period expired in February 2010. Even assuming that Jester had counsel in 2023 and 2024 and that that counsel had an obligation to inform Jester of recent Seventh Circuit decisions, no event in the 2020s could have prevented Jester from filing a timely petition before the limitations period expired in February 2010. Because Jester asserts no valid excuse for the untimely nature of the petition, the court will dismiss the petition as untimely.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that reasonable jurists would debate the correctness of this procedural ruling or for encouraging Jester to proceed further, and a certificate of appealability is denied.

For these reasons, the court:

(1) DISMISSES the habeas petition (ECF 1) because it is untimely;

(2) DENIES Ricky Wayne Jester a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on January 6, 2025.

                                                              s/ Cristal C. Brisco  
                                                              JUDGE  
                                                              UNITED STATES DISTRICT COURT